UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                    Case No. 26-CR-76-pp

NATALIE PETERS,

          Defendant.

**ORDER SUMMARILY REMANDING CRIMINAL CASE (DKT. NO. 1)**

On April 10, 2026, the court received a "NOTICE OF REMOVAL (To a Court of Competent Jurisdiction)" from Natalie Peters, asking the court to remove a pending state criminal case (Waukesha County Case No. 2026CF254) from Waukesha County Circuit Court to this federal court. Dkt. No. 1. Although Ms. Peters did not attach to that notice a copy of the state criminal complaint, public records reflect that the State of Wisconsin has charged the defendant with impersonating a public officer in violation of Wis. Stat. §949.62(2)(c) and felony bail jumping in violation of Wis. Stat. §946.49(1)(b). See State v. Peters, Case No. 2026CF254 (Waukesha County Circuit Court), available at http://wcca.wicourts.gov (visited Apr. 13, 2017).

In a section titled "Jurisdictional Statement," the Notice of Removal says that "[t]his matter arises under the Constitution of the United States and presents a federal question within the meaning of 28 U.S.C. § 1331." Dkt. No. 1 at 1. The notice asserts, in several ways, that the State of Wisconsin and its

1

officials do not have the authority to prosecute Ms. Peters: the notice cites the Fifth Amendment of the United States Constitution, "the Supremacy Clause" and "Article IV, Section 4 – Republican Form of Government" as the bases for this assertion.

In a section titled "Grounds for Removal," the defendant lists four grounds: "1. The case presents a federal question under the Constitution[;] 2. The issue concerns the existence of lawful governmental authority[;] 3. The defect is structural and jurisdictional in nature[; and] 4. The Constitution controls the determination of these issues." Dkt. No. 1 at 3. The "Civil Case Cover Sheet" lists "Federal Question (28 U.S.C. § 1331)" as the "Basis of Jurisdiction." Dkt. No. 1-1.

Section 1331 of Title 28 of the United States Code states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, that statute grants federal courts authority to hear and decide civil cases that involve federal questions. But §1331 says nothing about removing a case from state court to federal court. And §1331 states right in its text that federal courts have original jurisdiction over "civil" actions—not criminal actions. Section 1331 does not provide authority for Ms. Peters to remove her state criminal case to federal court.

As the defendant should know from her case before Judge Stadtmueller (USA v. Natalie Peters, E.D. Wis. Case. No. 26-cr-67), there is a section of the United States Code that outlines the steps that a defendant in a state court

2

criminal case must take for a federal court to consider whether that defendant may remove the state criminal case to federal court. Section §1455 of Title 28 states:

> **(a) Notice of Removal.**–A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such actions.

> **(b) Requirements.**–(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . .

> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. . . .

> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits attached thereto that removal should not be permitted, the court shall make an order for summary remand.

> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify

3

the State court in which prosecution is pending, which shall proceed no further.

28 U.S.C. §1455.

Under §1455, this federal court must examine the notice of removal and order summary remand if "it appears on the face of the notice and any exhibits attached thereto that removal should not be permitted." 28 U.S.C. §1455(b)(4). The defendant attached to the notice only a "Cover Sheet," "Notice to Clerk" and a "Certificate of Service," dkt. nos. 1-1, 1-2 and 1-3; Section 1455(a) requires a state defendant to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §1455(a).[1] Ms. Peters has not met this requirement.

Subsection (b) of §1455 requires the defendant to file her notice of removal within thirty days of her arraignment in state court. 28 U.S.C. §1455(b). Public records show that on February 20, 2026, the Waukesha County Circuit Court held an initial appearance. Although the state docket does not reflect that the court ever conducted any proceeding titled "arraignment," it appears that at the February 20, 2026 initial appearance, many of the components of an arraignment occurred[2]—the defendant was

---

[1] The defendant also filed two documents titled "Memorandum," dkt. nos. 2, 3, and a "Notice of Liability and Demand to Cease All Proceedings," dkt. no. 4. None of these filings include the documents that §1455(a) requires.
[2] Wis. Stat. §971.05 says that the arraignment must take place in open court. It requires the court to advise the defendant of the defendant's right to counsel. It requires the district attorney to deliver a copy of the information or complaint to the defendant and it requires the information or complaint to be read to the defendant unless the defendant waives reading. And it requires the court to ask the defendant for her plea, and requires the defendant to enter a plea.

4

advised of the complaint, provided a copy (although she refused to acknowledge it), read the complaint, advised of the potential penalties and told of her right to counsel. State v. Peters, Case No. 2026CF254 (Waukesha County Circuit Court), http://wcca.wicourts.gov (last visited Apr. 13, 2026). If Ms. Peters was, in fact, arraigned on February 20, 2026, her April 10, 2026 notice of removal was filed more than three weeks late.

But the court need not analyze whether the defendant's February 20, 2026 initial appearance legally constituted an arraignment or whether she timely filed her notice of removal. The notice of removal suffers other fatal defects.

As the court has explained, the only statute the defendant cites as providing her with authority to proceed in federal court is 28 U.S.C. §1331, and as the court has explained, that statute does not provide such authority. Although 28 U.S.C. §1455 is the statute that provides the *procedure* for removing state criminal cases to federal court, "[s]ection 1455 merely provides the procedures that must be followed when removing a criminal case from state court; it does not provide a criminal defendant with the right to do so." Illinois v. Sadder-Bey, Case No. 17-cv-4999, 2017 WL 2987159 (N.D. Ill. July 13, 2017). For this court to allow Ms. Peters to remove her state criminal prosecution to federal court, Ms. Peters must identify some other statute or legal authority that would permit removal.

Ms. Peters did not cite any such statutes, even though there are some. 28 U.S.C. §§1442 and 1442a allow removal of state criminal prosecutions to

federal court, but they apply only to defendants who either are employed as federal officers or are members of the armed forces. Ms. Peters has not alleged that she either is employed as a federal officer or is a member of the armed forces.

One other statute, 28 U.S.C. §1443, provides a basis for removal of state criminal actions to federal court. It states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. §1443.

Ms. Peters cannot proceed under subsection (2) of this statute, because the Supreme Court has held that "the second subsection of s 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Ms. Peters has not alleged or documented that she is a federal officer or agent, or a person authorized to act for a federal officer or agent.

Nor can Ms. Peters proceed under subsection (1) of §1443. "A defendant who seeks to remove a case under §1443(1) must first show that her claim

6

involves 'a right under any law providing for . . . equal civil rights.'" <u>Fenton v.</u>

<u>Dudley</u>, 761 F.3d 770, 773 (7th Cir. 2014) (quoting 28 U.S.C. §1443(1)). In

<u>Georgia v. Rachel</u>, the Supreme Court held that, for purposes of §1443(1), the

phrase "law providing for equal civil rights" means "any law providing for

specific civil rights stated in terms of racial equality." <u>Rachel</u>, 384 U.S. 780,

792 (1966). The Court explained that

> . . . broad contentions under the First Amendment and the Due
> Process Clause of the Fourteenth Amendment cannot support a
> valid claim for removal under s 1443, because the guarantees of
> those clauses are phrased in terms of general application available
> to all persons or citizens, rather than in the specific language of
> racial equality that s 1443 demands.

<u>Id.</u>

Here, Ms. Peters cited 28 U.S.C. §1331 in support of her request to

proceed in federal court and the body of her notice makes a reference to the

Due Process Clause of the Fifth Amendment when describing why she is

entitled to relief. <u>See</u> Dkt. No. 1 at 2. Neither of these references justifies

removal under §1443, especially when <u>Rachel</u> held that "broad contentions"

under the Due Process Clause do not support a valid removal claim.

Because §1331 does not authorize removal of state criminal prosecutions

to federal court, because Ms. Peters did not attach pleadings as required by

§1455(a) and because Ms. Peters has not identified any grounds under which

removal would be proper the court will summarily remand the case to the

7

Waukesha County Circuit Court.

The court **ORDERS** that the case is **SUMMARILY REMANDED** to the Waukesha County Circuit Court.

The court **DIRECTS** the Clerk of Court to take all appropriate steps to effectuate this remand.

Dated in Milwaukee, Wisconsin this 14th day of April, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

8